IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

MARK GRIFFIN, SR., *et al.*,

    Plaintiffs,

v.                          Civil Action 2:09-CV-210
                            Judge Sargus
                            Magistrate Judge King

TERRY COLLINS, *et al.*,

    Defendants.

## OPINION AND ORDER

    Plaintiffs, state inmates who are proceeding without the assistance of counsel, bring this action pursuant to 42 U.S.C. § 1983, alleging that their rights under the Eighth Amendment to the United States Constitution have been violated because of the presence of "wild birds" flying inside the inmate cafeteria at the Belmont Correctional Institution ("BeCI"). *Complaint*, Doc. No. 5, p. 2. On May 14, 2010, the United States Magistrate Judge recommended that *Defendants' Motion to Dismiss*, Doc. No. 16, be granted. *Report and Recommendation*, Doc. No. 28. This matter is now before the Court on plaintiff Mark Griffin, Sr.'s objections to the *Report and Recommendation*,[1] which the Court will consider *de novo*. 28 U.S.C. § 636(b).

    Plaintiff Mark Griffin, Sr. ("plaintiff") objects to the United

---

[1] The parties were specifically advised of their right to object to the *Report and Recommendation* and of the consequences of their failure to do so. Nevertheless, neither plaintiff David A. Hess nor plaintiff Thomas Griffin filed an objection to the *Report and Recommendation*.

States Magistrate Judge's conclusion that plaintiff failed to satisfy the elements of a claim of deliberate indifference. An Eighth Amendment conditions-of-confinement claim includes both an objective and subjective element. *See Spencer v. Bouchard*, 449 F.3d 721, 728 (6th Cir. 2006). The alleged deprivation must be, objectively, "sufficiently serious" and the prison official must be, subjectively, deliberately indifferent to inmate health or safety. *Id.* "Plaintiff must show that Defendants failed to take reasonable measures to abate a known and substantial risk of serious harm." *Raver v. Wilkerson*, No. 95-3549, 1996 WL 67900 at *1 (6th Cir. Feb. 15, 1996) (citing *Farmer v. Brennan*, 511 U.S. 825, 834 (1994)).

As to the objective element, plaintiff insists that birds inside of the cafeteria present a sufficiently serious health risk. In so arguing, plaintiff suggests that the Belmont County Health Inspector, who found no health issue as a result of the presence of birds, "is aiding and abedding [sic] Defendants." However, plaintiff must offer more than his own speculation to survive a motion to dismiss. *See, e.g., Lambert v. Hartman*, 517 F.3d 433, 439 (6th Cir. 2008). In addition, plaintiff, who failed to allege that he personally suffered a serious medical condition, disputes that he must show this injury in order to establish his claim. This Court disagrees. *See, e.g., Henderson v. Martin*, 73 Fed. Appx. 115, 118 (6th Cir. 2003).

Although finding that plaintiff failed to satisfy the objective element, the Magistrate Judge nevertheless went on to consider whether plaintiff had met the subjective element of his claim and concluded that he had not. Plaintiff objects to this finding, contending that

defendants' failure to remove the birds from the cafeteria establish their deliberate indifference. This Court disagrees. As the Magistrate Judge noted, the *Complaint* confirms that defendants are aware of the presence of birds in the cafeteria and are actively working on resolving the problem. Indeed, in his objections, plaintiff admits that there is evidence of defendants' attempts to remove the birds. Doc. No. 32, p. 6. As stated *supra*, defendants must take reasonable measures to abate a known and substantial risk of serious harm. The record, including plaintiff's own concessions, do not establish that defendants failed to take these reasonable measures.

In addition, the Court is unpersuaded that the Magistrate Judge erred when allegedly failing to consider the exhibits attached to his response to the *Defendants' Motion to Dismiss*, which plaintiff believes establish defendants' deliberate indifference. Plaintiff's exhibits are outside the pleadings and cannot be considered in ruling on the 12(b)(6) motion to dismiss. *Jackson v. City of Columbus*, 194 F.3d 737, 745 (6th Cir. 1999). However, even if the Court considered such evidence, plaintiff, having conceded that defendants attempted to eradicate the bird problem, still cannot show that defendants were deliberately indifferent.

Plaintiff also objects to the Magistrate Judge's conclusion that the state law claim of negligence cannot proceed unless and until the Ohio Court of Claims determines that defendants are not immune from suit under O.R.C. § 9.86. This Court agrees with the Magistrate Judge's conclusion. *See Haynes v. Marshall*, 887 F.2d 700, 704 (6th

3

Cir. 1989).

Finally, plaintiff appears to object to the *Report and Recommendation* to the extent that the Magistrate Judge concluded that any prospective relief sought became moot when plaintiff was transferred to the Mansfield Correctional Institution. Plaintiff's objection is without merit. An inmate's request for declaratory and injunctive relief becomes moot upon transfer from the allegedly offending institution. *See, e.g.*, *Henderson v. Martin*, 73 Fed. Appx. 115, 117 (6th Cir. 2003); *Kensu v. Haigh*, 87 F.3d 172, 175 (6th Cir. 1996).

Having carefully reviewed the record, the *Report and Recommendation* and plaintiff Mark Griffin, Sr.'s objections, the Court agrees with the conclusions of the United States Magistrate Judge. Plaintiff's objections to the *Report and Recommendation* are **DENIED**. The *Report and Recommendation* is **ADOPTED** and **AFFIRMED**. Defendants' *Motion to Dismiss*, Doc. No. 16, is **GRANTED**.

**The Clerk shall enter FINAL JUDGMENT for defendants in this action.**

6-28-2010
Edmund A. Sargus, Jr.
United States District Judge

4